## CHAPMAN *v.* FERNÁNDEZ.

APELACIÓN procedente de la Corte de Distrito de

Mayagüez.

No. 38.   Resuelto en Abril 28, 1905.

APELACIÓN.—HIPOTECA.—JUICIO EJECUTIVO SUMARÍSIMO.—DEUDOR HIPOTECARIO.— Una resolución dictada en un procedimiento sumario sobre ejecución de hipoteca, por la que se ordene la celebración de una segunda subasta de los bienes hipotecados, no es una resolución apelable por parte del deudor hipotecario, ni con arreglo á los artículos 128 de la Ley Hipotecaria y 175 de su Reglamento, ni de acuerdo con el 295 del Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. García Cuervo.*

Abogado del apelado: *Sr. Smith.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del Tribunal.

Este fué un procedimiento sumario establecido en 16 de Enero de 1904 por Herbert E. Smith para ejecutar un crédito hipotecario de $1688.47. Se siguieron los procedimientos preliminares exigidos por la Ley Hipotecaria y su Reglamento hasta la época de la primera subasta pública. En esta subasta se presentaron dos postores, uno pujaba por las dos terceras partes del valor del crédito á condición de que el dinero quedase en depósito hasta que fuese cancelada la anotación preventiva del pleito establecido para declarar nulos los procedimientos sumarios. La otra puja la hizo Smith sin condición. No hubo otros postores. El día 8 de Septiembre de 1904 asignó Smith su crédito á James W. Chapman, el primero en representación del segundo presentó una moción para que se vendiese por el Marshal la finca hipotecada en subasta pública.

Los apelantes se opusieron á esa solicitud bajo el fundamento de que los apelados no tomaron ninguna providencia según lo prescribe el artículo 173 del Reglamento de la Ley Hipotecaria, y porque según en la misma se prescribe, la Corte no había ordenado la adjudicación de las tierras vendidas dentro de los diez días. Sin embargo, la Corte de Distrito, á pesar de la oposición de los apelantes, ordenó que se vendiese la finca.

Cuando la Corte inferior dictó su providencia en 16 de Septiembre de 1904, ó la Ley Hipotecaria y su Reglamento estaban vigentes ó no lo estaban. Si estaba vigente la Ley Hipotecaria entonces no había autoridad en la Corte para ordenar una segunda subasta en el mismo procedimiento sumario estando limitada la parte apelante á un juicio ordinario según lo preceptúa la sección 173 del Reglamento de la Ley Hipotecaria. Si la Ley Hipotecaria y su Reglamento no estaban vigentes entonces no hubo prescripción de ley en vigor que autorizara este particular procedimiento sumario, que aparentemente es una simple continuación del ya empezado en 16 de Enero de 1904.

Desgraciadamente para los apelantes no hay prescripción legal alguna que les autorice á apelar de esta orden anómala. En el pleito de Cintrón Hermanos contra el Banco Territorial y Agrícola, fallado por esta Corte el 17 de Junio de 1904, se sostuvo que de acuerdo con la sección 128 de la Ley Hipotecaria y la 175 de su Reglamento, el deudor no tiene derecho á apelar. Tampoco les dá dicho derecho el Código de Enjuiciamiento Civil. La resolución apelada no es la sentencia prescrita en el primero y segundo párrafos de la sección 295 del Código en Enjuiciamiento Civil, ni es la sentencia ó resolución á que se refiere el párrafo tercero de aquella sección. La resolución puede ser errónea pero no se encuentra dentro de las prescripciones del Código de Enjuiciamiento Civil.

Por estas razones la apelación debe ser desestimada.

*Desestimada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y MacLeary.